**FILED**

JUN 2 9 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DONALD L. COBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **12 1081** |
| | ) | |
| VINCENT C. GRAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This matter is before the Court on consideration of the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff brings this action against the current and two former Mayors of the District of Columbia, current and former members of the Council of the District of Columbia, various District of Columbia government employees, and members of the District of Columbia Board of Professional Engineers, among other defendants, alleging irregularities in the administration of the Principles and Practice of Engineering Examination on April 11, 2008. *See* Compl. at 2-3, 26-36.

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. Plaintiff purports to bring this action under 15 U.S.C. § 45 *et seq.*, *see* Compl. at 1, and thus asserts that his "claim involves a federal question," *id.* at 12. The federal statute on which his claim relies, however, confers no private right of action on an individual. *See Halloway v. Bristol-Myers Corp.*, 485 F. 2d 986, 1002 (D.C. Cir. 1973); *Karpoff v. Holladay Corp.*, 377 A.2d 52, 53-54 (D.C. 1977). Accordingly, the



3

complaint and this action will be dismissed for lack of subject matter jurisdiction.[1]  An Order

accompanies this Memorandum Opinion.


DATE: _____                          _____
                                                United States District Judge

---

[1]      In addition, federal district courts have jurisdiction over civil actions where the matter in controversy
exceeds $75,000, and the suit is between citizens of different states.  *See* 28 U.S.C. § 1332(a).  Plaintiff may intend
to rely on diversity jurisdiction to bring claims against the State of California and employees of its Department of
Transportation.  *See* Compl. at 5-11, 15, 53-59.  Although there appears to be diversity of citizenship between
plaintiff and the California defendants, this complaint does not demand damages in any amount, such that diversity
jurisdiction is not shown.